James S. Notis
Jennifer Sarnelli
**GARDY & NOTIS, LLP**
560 Sylvan Avenue
Englewood Cliffs, New Jersey 07632
Tel: 201-567-7377
Fax: 201-567-7337
Email: jnotis@gardylaw.com
        jsarnelli@gardylaw.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN STEVENSON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOME POINT FINANCIAL CORPORATION,<br><br>　　　　　　　Defendant. | No: 18-cv-10233<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

　　Plaintiff John Stevenson, by and through his attorneys, brings this class action complaint against defendant Home Point Financial Corporation ("Defendant" or "Home Point") for violation of the Fair Credit Reporting Act ("FCRA") and alleges

the foregoing on information and belief, except for his own acts and knowledge. Pursuant to Local Rule 10.1, the names and addresses of the parties are as follows:

| **Plaintiff** | **Defendant** |
|---|---|
| John Stevenson<br>c/o Gardy & Notis, LLP<br>560 Sylvan Avenue<br>Englewood Cliffs, NJ 07632 | Home Point Financial Corporation<br>4 Gatehall Drive<br>Parsippany, New Jersey 07054 |

## NATURE OF THE ACTION

1. This is a nationwide class action against Defendant for violation of the FCRA, 15 U.S.C. §1681, *et seq.*, due to Defendant's admittedly false reports to credit bureaus that Plaintiff's mortgage payments, and those of similarly situated class members (the "Class") were delinquent when in fact those mortgages were not delinquent and were in good standing. Defendant's report was made in contradiction of its own records stating that Plaintiff and the Class's mortgages were not delinquent, and thus it was made in violation of the FCRA's requirement that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C.A. §1681s-2.

2. As a direct and proximate result of Defendant's violation of the FCRA, the credit score of Plaintiff and other Class members dropped immediately and substantially and caused damages to Plaintiff and the Class.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to the 28 U.S.C. §1331 because Plaintiff brings a federal claim.

4. This Court has jurisdiction over Defendant because it transacts business in this District and maintains offices in this District.

5. Venue is proper in this District under 28 U.S.C. §1391(a) because Defendant resides in this District and/or a substantial part of the events or omissions giving rise to the claims of Plaintiff and the Class occurred in this District.

## THE PARTIES

6. Plaintiff John Stevenson's mortgage is presently serviced by Defendant. On or about June 2, 2018 Plaintiff received a notification from multiple credit monitoring services that Defendant had reported his mortgage as delinquent on his credit report even though he was not delinquent in any mortgage payment. As a direct result of Defendant's false report concerning his mortgage, Plaintiff was notified that his credit score had dropped significantly.

7. Defendant Home Point Financial Corporation is a Michigan corporation that provides loan origination, among other things, for mortgages. Defendant maintains its "operations center" at 4 Gatehall Drive, Parsippany, New Jersey, 07054.

## PLAINTIFF'S CLASS ALLEGATIONS

8. Plaintiff seeks to bring this case as a nationwide class action on behalf of himself and on behalf of "All persons in the United States who have mortgage loans with Defendant and whose loans were reported as delinquent between May 28, 2018 and the present." Plaintiff reserves the right to amend this class definition, including the Class period, as further information including the dates of the false reports becomes known.

9. The Class is so numerous that joinder of all of its members is impractical. On information and belief, many thousands of Class members exist.

10. Common questions of law and fact exist as to all Class members. These questions predominate over questions affecting only individual Class members. These common legal and factual questions include but are not limited to the following:

    a. Whether Defendant's reports to credit reporting agencies were accurate;

    b. Whether Defendant knew or had reasonable cause to believe that the information concerning Plaintiff's mortgage and those of the Class was inaccurate;

    c. Whether Defendant violated the Fair Credit Reporting Act;

d. Whether Plaintiff and the Class were damaged and if so, in what amounts.

11. Plaintiff's claims are typical of the claims of the Class. Plaintiff and all members of the Class are suing over the same failure by Defendant and/or the same false delinquency reports to the credit reporting agencies.

12. Plaintiff can and will fairly and adequately represent and protect the interests of the Class and has no interests that conflict with or are antagonistic to the interests of the Class. Plaintiff has retained attorneys competent and experienced in class action litigation.

13. A class action is superior to any other available method for the fair and efficient adjudication of this controversy, since, as demonstrated above, common questions of law and fact overwhelmingly predominate over any individual questions that may arise.

14. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant, or adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

15. Defendant has acted or refused to act on grounds generally applicable to all Class members, thereby making appropriate any final judgment with respect to the Class as a whole.

## DEFENDANT'S VIOLATION OF THE FCRA

16. On or about June 2, 2018 Plaintiff received multiple notifications from credit monitoring services alerting him that his mortgage with Defendant had been reported as having missed a payment and delinquent. Plaintiff also received multiple notifications that his credit score had decreased or changed.

17. On or about June 4, 2018, news reports surfaced that Home Point had falsely reported many other Home Point borrowers' mortgages as delinquent to credit bureaus. According to one news report:

> Home Point Financial, a mortgage lender backed by private equity firm Stone Point Capital, said it accidentally reported to credit bureaus that some loans were delinquent, even though bills were paid on time.
>
> The Ann Arbor, Michigan-based firm cited a system error that transmitted a test file to the credit companies, and declined to say how many customers were affected. People have complained on social media that their credit scores dropped more than 100 points as a result of the misstep.
>
> The error affected "a limited number of its customers," Whit Clay, a spokesman for the company, said in an emailed statement. "We are in the process of contacting impacted customers and are working directly with the credit agencies to correct this issue."

18. Plaintiff is a Home Point borrower who Home Point falsely reported as delinquent to credit bureaus.

19. On information and belief, Home Point's statement that a "limited number of its customers" had been affected was false.

20. On June 4, 2018, Plaintiff attempted to contact Defendant by phone for several hours, but Defendant's phone system relayed a message stating that Defendant's phone system was down.

21. On June 4, 2018, in the late afternoon, Plaintiff was finally able to reach a customer service representative who confirmed that Plaintiff's account was not delinquent and advised Plaintiff that a file had been sent containing a "very large" batch of incorrect delinquencies to the credit bureaus. That customer service representative stated that Defendant's phone system had been intentionally shut off while Defendant worked with corporate governance and compliance to determine how to handle the situation.

22. Home Point has, to date, not disclosed how many loans were falsely reported as delinquent, but the statement of the Home Point customer service representative that a "very large" batch of incorrect delinquencies were reported to the credit bureaus contradicts Defendant's spokesman's attempt at damage control in claiming that the false report was affected "a limited number of its customers."

## **COUNT I**

### **(Violation of the Fair Credit Reporting Act)**

23. Defendant is a furnisher of credit information under the FCRA and is therefore subject to the FCRA.

24. The FCRA requires that Defendant report accurate information about consumers to credit reporting agencies, among other things.

25. Defendant failed to comply with the FCRA. Despite its own records stating that Plaintiff's mortgage, and those of the Class, were not delinquent, Defendant reported their mortgages as delinquent. Defendant's reports were made in contradiction of its own records stating that Plaintiff and the Class's mortgages were not delinquent, and thus they were made in violation of the FCRA's requirement that a "person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C.A. § 1681s-2.

26. Plaintiff and the class are therefore entitled to recover all actual damages, statutory damages of up to $1,000 per class member, punitive damages, costs and expenses, and reasonable attorneys' fees.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray the Court to enter judgment against Defendant and in favor of

Plaintiffs, on behalf of themselves and the Class members, and to award the following relief:

    A.    Certifying this action as a nationwide class action, appointing Plaintiff as representative of the Class, and designating his counsel as counsel for the Class;

    B.    Awarding the Plaintiff and each Class member recover all actual damages, statutory damages of up to $1,000 per class member, and punitive damages;

    C.    Awarding the Plaintiff and the Class member costs and expenses, and attorneys' fees, as allowed by law;

    D.    For legal and equitable relief as this Court may deem just and proper; and

    E.    Granting such other or further relief as may be appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Dated: June 6, 2018

                               **GARDY & NOTIS, LLP**

                               By:   s/ James S. Notis
                                      James S. Notis
                                      Jennifer Sarnelli
                             560 Sylvan Avenue
                             Englewood Cliffs, New Jersey 07632
                             Tel: 201-567-7377
                             Fax: 201-567-7337

                             **GARDY & NOTIS, LLP**
                             Orin Kurtz
                             126 East 56th Street, 8th Floor
                             New York, NY 10022
                             Tel: 212-905-0509
                             Fax: 212-905-0508

                             *Counsel for Plaintiff*